BLAIR, Trustee, *v.* ST. LOUIS, H. & K. R. Co. and others. (NORTON, Intervenor.[1])

*(Circuit Court, E. D. Missouri.* March 19, 1885.)

RECEIVERS—ANTE-RECEIVERSHIP DEBTS—SURETY ON APPEAL-BOND.

Where a judgment is recovered against a railroad company in an inferior court upon a claim not entitled to priority, and an appeal is taken, and the company's attorney goes on the appeal bond, and a receiver of the road is thereafter appointed, and after his appointment a judgment is recovered in the appellate court against the company and the attorney, and the latter pays it, his claim is entitled to no priority over that of mortgage bondholders.

In Equity. Exceptions to master's report.

It appears that the intervenor paid the judgment referred to in the opinion of the court.

*Theo. G. Case,* for complainant.

*John O'Grady,* for receiver.

*James Carr,* for intervenor.

BREWER, J., *(orally.)* The other case of *Norton* against *The Same Road* presents a different state of facts.[2] There, the same gentleman, who was attorney for the road, at the instance of the president, went surety on appeal-bonds. Cases were pending before a justice of the peace in the latter part of 1873, a few months before the appointment of the receiver, and after judgment there the company appealed, and he signed the appeal-bonds. The cases went to the circuit court of the state, and on trial there, after the receiver's appointment, judgments were rendered against the company, and against him.

Well, not one of the claims sued on before the justice would be entitled to priority. They date back two or three years before the appointment of the receiver, and it would be strange if, when the claims in the first instance were not of a character entitled to priority over a secured and registered indebtedness, that an attorney of the road could, by simply giving his services as surety on appeal-bonds, indirectly secure the payment of those claims in priority to the mortgage debts. We think the ruling of the master in that was correct, and the exception will be overruled.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.
[2] See other case of same title, which was decided immediately before this one.